**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                    Criminal No. 06-180(5) JNE/AJB

        Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

FRANCISCO JAVIER LOPEZ-CEJA,

        Defendant.

    Jeffrey S. Paulsen, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Wayne G. Nelson, Esq., for defendant Francisco Javier Lopez-Ceja.

    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 11, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. Defendant Francisco Javier Lopez-Ceja presented motions for discovery and disclosure and further moved for suppression of evidence. Defendant's motion to suppress statements and motion to suppress out-of-court identification are before the magistrate judge for submission to the district court on report and recommendation.

    Based upon the file and documents contained therein, along with testimony and an exhibit presented at hearing, the Magistrate Judge makes the following:

**Findings**

    Defendant Francisco Javier Lopez-Ceja was arrested by Bloomington, Minnesota, police on June 12, 2006, on charges relating to the sale of cocaine. Nine ounces of cocaine were

seized on June 12, 2006, in connection with the arrest of this defendant.  Lopez-Ceja was brought to the Bloomington City Police Department where he met with Bloomington Police Detective Dave Sebesta and DEA Special Agent Harper for purposes of an in-custody interview.  A certified Spanish interpreter was also present to assist with the interview.  The officers first advised the defendant of the reason for his arrest, after which the <u>Miranda</u> rights warning was read to the defendant from a pre-printed card.  Each of the rights, including the right to remain silent, the right to an attorney during questioning, and the right to a court-appointed attorney, was translated into Spanish as it was given to the defendant.  The defendant verbally acknowledged that he understood his rights and stated that he was willing to speak with the officers.  No threats or promises were made to induce the defendant's cooperation; the defendant was not under the influence of drugs or alcohol; and his responses were appropriate to the questions.  The defendant did not ask for an attorney and there was no request that questioning cease at any time during the interview.  The interview lasted approximately 20 minutes and was not tape recorded.  At the end of the meeting the defendant agreed to take officers to the location at which he had stayed the previous night and at which officers believed drugs were being stored.

In the subsequent investigation in this matter Detective Sebesta went to the apartment in Richfield, Minnesota, that was being rented by a person identified as Oscar and was believed to be a location for storage of cocaine.  Oscar and a woman named Anna were at the apartment.  Anna advised the officer that she had not seen anyone at the apartment on June 12, 2006, while Oscar indicated that he had arrived home at approximately 2:40 p.m. that day, and as he entered the home with a key, co-defendant Contreras-Sanchez and a person called "Shorty" were leaving.  "Shorty" was standing behind Contreras-Sanchez and was holding a shoebox sized container.

Oscar and Anna indicated that they were subletting a room to Contreras-Sanchez, and they gave Detective Sebesta consent to search the apartment. The detective searched the sublet room and found two kilos of cocaine in the room, along with drug packaging equipment and supplies. The following day, June 13, 2006, Detective Sebesta brought a six-person photo line-up (Hearing Exh. No. 1) to the Richfield apartment for the purpose of obtaining an identification of "Shorty" from Oscar and Anna. Oscar identified photo #6 on the photo array as being the person he knew as "Shorty." Photo #6 is a booking picture of defendant Francisco Javier Lopez-Ceja. Oscar indicated that he had seen the person on one or two prior occasions, and he made the identification without hesitation or confusion. The photo line-up consists of booking photographs of six males of the same race and similar age and having similar complexions, hair color, physical stature and facial hair. Anna was shown the photo line-up but did not make any identification.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Statements.**  Suppression of defendant Francisco Javier Lopez-Ceja's interview statements is not required. Mr. Lopez-Ceja's custodial statements to Detective Sebesta were provided voluntarily and were not obtained in violation of defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda. The rights were presented to the defendant in Spanish and the interview was conducted with the assistance of a Spanish interpreter. The defendant did not request the assistance of an attorney and did not request that questioning cease. He was not subjected to force, threats, or promises as inducement for his cooperation, and he was not under the influence of drugs or alcohol. Upon considering the totality

of circumstances, the court concludes that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.

**Photo Line-up.**   The photographic spreads containing a picture of defendant Francisco Javier Lopez-Ceja was not impermissibly suggestive with respect to the pictures included in the lineup or the manner in which the lineup photos were arranged.  The array presented to Oscar and Anna (Hearing Exh. No. 1) consisted of photos of persons having similar physical characteristics.  The line-up did not create a substantial likelihood of irreparable misidentification, and there is no apparent challenge presented with respect to methods in which the photo spread was presented to the witness. United States v. Johnson, 56 F.3d 947, 954 (8th Cir. 1995).   Under the totality of circumstances that have been brought to the Court's attention, there was no substantial likelihood of misidentification with respect to the photo line-up in this case, and the eyewitness identification should not be suppressed on the basis of an improper photo array.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Francisco Javier Lopez-Ceja's Motion for Suppression of Statements be **denied** [Docket No. 54]; and

2. Defendant Francisco Javier Lopez-Ceja's Motion to Suppress Out-of-Court Identification be **denied** [Docket Nos. 73 and 96].

Dated:  August 16, 2006

      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 30, 2006.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.